UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGIS CORP. and THE BARBERS, HAIRSTYLING FOR MEN & WOMEN, INC., *Movants*, | § | |
| v. | § | Civil Action No. 3:25-CV-1862-X |
| CTHULHU HAIR, INC. and JEFFREY BREWER, *Respondents*. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Movants Regis Corporation and The Barbers, Hairstyling for Men & Women, Inc.'s (collectively, "Movants") Motion for Default Judgment. (Doc. 7). Having considered the motion and applicable law, the motion is **DENIED**. Furthermore, the Movant's Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction for the reasons outlined below.

Before reviewing the Movants' arguments in its Motion, the Court must first confirm its jurisdiction, even *sua sponte*.[1] That is because "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree."[2] "Without jurisdiction the

[1] *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) ("This court has a continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary." (cleaned up)); *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (cleaned up)).

[2] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up).

court cannot proceed at all in any cause."[3]

Under the Federal Arbitration Act "at any time *within one year* after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award."[4] The Court must determine whether the Federal Arbitration Act requires a party to move for confirmation within one year of the award or permits the Court to confirm an award beyond the one-year period.

For instance, in another Federal Arbitration Act case, the Fifth Circuit mentioned that the motion "was filed within one year as *required* by 9 U.S.C. § 9."[5] The Fifth Circuit's use of "required" instead of "permitted" is indicative that an action cannot be filed after a year. And the Second Circuit has also interpreted the Federal Arbitration Act to only allow arbitration awards to be confirmed within the one-year window.[6] Lastly, a judge in the Southern District of Texas has also "conclude[ed] that the one-year period in section 9 of the [Federal Arbitration Act] is mandatory."[7]

Here, the final arbitration award was entered on December 8, 2021.[8] But Movants waited to file their petition to confirm the award until July 16, 2025.[9] Therefore, Movants are certainly outside Federal Arbitration Act's one-year period for seeking confirmation. Accordingly, this Court lacks jurisdiction over the matter.

---

[3] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (cleaned up).

[4] *Id.* (emphasis added).

[5] *Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726, 731 (5th Cir. 1987).

[6] *Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 161 (2d Cir. 2003) ("We agree with the district court's ruling that the FAA imposes a one-year statute of limitations.").

[7] *FIA Card Servs., N.A. v. Gachiengu*, 571 F.Supp.2d 799, 804 (S.D. Tex. 2008).

[8] Doc. 1-1.

[9] Doc. 1.

The motion for default judgment is **DENIED**. Movants' complaint, which the Court construes as a motion to confirm the arbitration award, is barred by the Federal Arbitration Act's one-year time limit and is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

Final judgment shall be issued by a separate Order.

**IT IS SO ORDERED** this 14th day of August, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE